**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ROBYN F. TAYLOR**,

        Plaintiff,

v.

**MONMOUTH MEDICAL CENTER**,

        Defendant.

Civil Action No. 24-6946 (ZNQ) (JBD)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Monmouth Medical Center ("Defendant") (the "Motion," ECF No. 10). Defendant submitted a moving brief ("Moving Br.," ECF No. 10-1) and a declaration of counsel with various exhibits (ECF Nos. 10-2 to 10-3.) *Pro se* Plaintiff Robyn F. Taylor ("Plaintiff") filed a brief in opposition. ("Opp'n Br.," ECF No. 15.) Defendant submitted a reply brief. ("Reply Br.," ECF No. 16.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **GRANT** the Motion.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

This is an employment and disability discrimination case. Plaintiff filed her Complaint using a form that asked her to provide information as to the nature of her claims. In the Complaint, Plaintiff alleges that she was born in 1960 and worked at Monmouth Medical Center since January 2015. (Compl. at 2, 6, 10.)[3] Attached to the Complaint was a detailed summary of the allegations. In that summary, Plaintiff alleges that she worked in the Emergency Department at Monmouth Medical Center as a unit secretary. (*Id.* at 10.) Throughout her employment, Plaintiff alleges that she "experienced bullying and religious discrimination." (*Id.*)

Plaintiff alleges that on February 13, 2021, after her shift, she slipped and fell on black ice in the hospital's parking lot, injuring her hip. (*Id.*) Plaintiff sought workers' compensation, and while her claim was active, Plaintiff alleges that she "experienced discriminatory behavior from staff" that resulted in her taking paid time off. (*Id.*) The workers' compensation case closed on April 5, 2021 because Plaintiff did not "look injured." (*Id.*) On October 27, 2022, Plaintiff received a call from human resources, whereby they terminated her from her position as a unit secretary. (*Id.*) Plaintiff believes she was terminated due to her disability that was caused by the hospital's negligence in maintaining the parking lot. (*Id.*)

Since her termination, Plaintiff alleges that she is permanently disabled and unable to work. She receives social security disability, had to use her 401(k) retirement savings for living expenses and bills, and has suffered financial and mental hardship due to her lack of employment. (*Id.* at 11.) Plaintiff seeks "monetary damages, punitive damages, and compensatory damages in the sum of $25 million." (*Id.*)

---

[2] For the purposes of considering this Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[3] The Court cites to the page numbers of the Complaint herein given that the Complaint lacks numbered paragraphs.

2

After her fall, in addition to the workers' compensation claim, on August 17, 2023, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1.) The charge explained that Plaintiff believed she was terminated as a result of her disability, i.e. her injured hip. (*Id.*) On March 16, 2024, Plaintiff received a Notice of Right to sue letter from the EEOC. (ECF No. 1-2.)

Consequently, Plaintiff filed the present Complaint. Although the Complaint does not allege specific numbered counts, a fair reading of the Complaint reflects that Plaintiff alleges multiple claims: (1) discrimination under Title VII, (2) discrimination under the ADEA, (3) discrimination under the ADA, (4) the failure to provide reasonable accommodations under the ADA, (5) retaliation under the ADA,[4] and (6) negligence. (Compl. at 5, 10.)

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

## III.   LEGAL STANDARD

### A.    *Pro se* Complaint

Given that Plaintiff is proceeding *pro se*, "[t]he obligation to liberally construe [her] pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234

---

[4] Plaintiff's retaliation claim is labeled in the Complaint as a claim for "unfair termination due to [her] disability that [Defendant] caused." (Compl. at 10.) Given that Plaintiff is *pro se* and brought this discrimination action based on Title VII, the ADEA, and the ADA, the Court best intuits that her unfair termination claim is for retaliatory discharge under the ADA. (*See id.* at 5.) However, to the extent Plaintiff's retaliation claim was intended to be based on some other federal or state law, Plaintiff shall clarify its basis in an amended complaint.

3

(3d Cir. 2004) (citation omitted). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility. . . . [P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

  **B.**  **Motion to Dismiss**

  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

  A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Lastly, generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

## IV. DISCUSSION

The Court will address Plaintiff's claims in three parts. First, the Court will discuss Plaintiff's Title VII and ADEA claims. The Court will next analyze her ADA claims. Finally, the Court will review her negligence claim.

### A. Title VII and ADEA[5]

Defendant argues that Plaintiff has failed to exhaust her administrative remedies under Title VII and the ADEA. (Moving Br. at 5.) Defendant contends that Plaintiff only claims disability discrimination in her EEOC Complaint, and therefore, she did not exhaust her administrative remedies for her claims for discrimination based on race, color, or age. (*Id.* at 8–

---

[5] Courts interpret claims brought under Title VII similarly to claims brought under the ADEA. *See Barber v. CSX Distribution Servs.*, 68 F.3d 694, 698 (3d Cir. 1995) ("Because the prohibition against age discrimination contained in the ADEA is similar in text, tone, and purpose to the prohibition against discrimination contained in Title VII, courts routinely look to law developed under Title VII to guide an inquiry under the ADEA.").

9.) According to Defendant, Plaintiff cannot cure this deficiency now because an EEOC Complaint must be filed within 300 days from the alleged violation, which has long since elapsed. (*Id.* at 9.)

In opposition, Plaintiff argues that she faced ongoing discrimination based on race, religion, age, and disability, and she should be given flexibility in meeting the procedural requirements for her claims. (Opp'n Br. at 7.) Plaintiff adds that Defendant effectively admitted to its discriminatory behavior through its conduct. (*Id.* at 8 ("partial acknowledgement of responsibility implies full accountability.")).

Title VII "proscribe[s] discrimination in employment based on several personal characteristics" including national origin, race, religion, and sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a)). To state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his or her membership in a protected class was "either a motivating or determinative factor" in his or her employer's adverse employment action against him. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

To bring a claim under Title VII, a plaintiff is required to first exhaust administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1020–21 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."). In doing so, a plaintiff must submit a charge of discrimination with the EEOC and provide notice of the charge to the defendant. 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon

the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency . . . such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred.").

Importantly, a particular claim is deemed exhausted if it is "fairly within the scope of (1) the prior EEOC complaint, or (2) the investigation arising therefrom." *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 207 (3d Cir. 2021) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). This is a "highly fact specific" inquiry, and courts must carefully examine "the prior [] EEOC complaint and the unexhausted claim on a case-by-case basis before determining that a second complaint need not have been filed." *Id.* (quoting *Robinson*, 107 F.3d at 1024). "[T]he original charge is the touchstone of [the] exhaustion analysis." *Id.* at 210.

The Court has reviewed Plaintiff's EEOC charge of discrimination ("EEOC Charge") and finds that it is limited to disability discrimination. (*See* August 17, 2023 EEOC Charge attached to Complaint, ECF No. 1-1.) Notably, the EEOC Charge does not contain any reference to racial, religious, or age discrimination. When the charge form asked Plaintiff why she was discriminated against, Plaintiff checked off "disability" without checking off similar boxes available for race, color, or age. (*Id.*) Additionally, Plaintiff's handwritten notes on the last page of the charge form do not refer to racial, religious, or age discrimination; they are limited to disability. As a result, the Court finds that Plaintiff's Title VII and ADEA claims are not fairly within the scope of her EEOC Charge. Moreover, because 300 days have elapsed from the incident, she cannot bring them now. 42 U.S.C. § 2000e-5(e)(1). Accordingly, the Court finds that Plaintiff's Title VII and

ADEA claims based on race, color and age discrimination are procedurally barred and they must be dismissed with prejudice.[6]

  **B. ADA**

Plaintiff also brings claims under the ADA for disability discrimination, failure to accommodate her disability, and retaliation.

A claim for disability discrimination in the employment context may be brought pursuant to the ADA, but the ADA also requires that the plaintiff pursue administrative remedies with the EEOC before filing a complaint in federal court. *See Churchill v. Star Enter.,* 183 F.3d 184, 190 (3d Cir. 1999); *see also* 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). Here, Plaintiff's EEOC Charge ticks the appropriate box for "disability" but does not tick the appropriate box for retaliation. Her handwritten narrative attached to her charge, however, states that Defendant failed to accommodate her disability and that it terminated her as a result. (EEOC Charge.) The Court therefore finds that Plaintiff's ADA claims for disability discrimination, failure to accommodate, and retaliation are within the scope of her charge.

Plaintiff's ADA claims nevertheless fail to state a claim for the reasons set forth below. To bring a claim under the ADA, plaintiffs must first establish that they are disabled. A plaintiff must plead she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citing 42 U.S.C. § 12102(1)). Here, the Complaint contains no factual allegations articulating how Plaintiff's hip injury is a qualifying disability that substantially limited one or more of her major

---

[6] The Court construes the Complaint's Title VII claim as raising age, race, and color discrimination, not disability discrimination, because disability discrimination is not covered under Title VII. *See Patterson v. AFSCME*, 320 F. App'x. 143, 147 (3d Cir. 2009) (explaining that disability is not a protected characteristic under Title VII); *Ruffin v. Bank of Am.*, 2014 WL 3828408, at *2 (D. Del. Aug. 1, 2014) (dismissing a disability claim brought under Title VII).

life activities. Additionally, the Complaint does not allege that she requested an accommodation from Defendant, why she needed an accommodation, and what accommodation she sought. Accordingly, Plaintiff's disability and failure to accommodate claims will be dismissed without prejudice.

In addition to disability discrimination and the failure to provide reasonable accommodations, the Court construes the Complaint as asserting a retaliatory discharge claim under the ADA. Specifically, the Complaint alleges "[u]nfair termination due to [the] disability that [Defendant] caused," and that Plaintiff "believe[s]" she was "terminated due to [her] disability." (Compl. at 10.)

To establish a *prima facie* case of disability-related retaliation under the ADA, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer subjected her to an adverse employment action; and (3) a causal connection exists between the protected activity and the challenged adverse action. *Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 41 (3d Cir. 2018); *Jenkins v. Cornerstone Relocation Grp., LLC*, Civ. No. 23-1755, 2025 WL 360553, at *12 (D.N.J. Jan. 31, 2025).

Here, the Complaint merely alleges "[u]nfair termination due to [the] disability that [Defendant] caused," and that Plaintiff "believe[s]" she was "terminated due to [her] disability," without any factual support. (Compl. at 10.) The Complaint therefore does allege an adverse employment action. However, it does not articulate in a short and plain statement that Plaintiff was engaged in protected activity and terminated due to that activity, or that she requested an accommodation and was retaliated against as a result of that request. There are also no allegations pertaining to a causal connection between Plaintiff's disability and her termination. Consequently, the Court finds that the Complaint does not plead a plausible claim for retaliation under the ADA.

9

For these reasons, the Court finds that Plaintiff's disability discrimination, failure to accommodate, and retaliation/"unfair termination" claims under the ADA must be dismissed without prejudice.

### C. Negligence

Plaintiff's remaining claim is based on common law negligence. Defendant argues that Plaintiff's negligence claim is barred by the New Jersey Workers' Compensation Act ("NJWCA") because N.J. Stat. Ann. § 34:15-8 provides that the NJWCA is the exclusive remedy for workplace injuries. (Moving Br. at 12–13.) In the alternative, if Plaintiff's negligence claim is not work related, Defendant argues that her claim is barred by the statute of limitations. (*Id.* at 13.) In opposition, Plaintiff argues that her negligence claim is not barred by the statute of limitations due to the continuing violations doctrine. (Opp'n Br. at 9.)

The NJWCA provides in pertinent part:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

N.J. Stat. Ann. § 34:15-8; *Powell v. Verizon*, Civ. No. 19-8418, 2019 WL 4597575, at *12 (D.N.J. Sept. 20, 2019) (internal citations omitted) ("[N]egligence claims are subsumed by the scheme set up by the Workers Compensation Act."). It is well-understood that an employee "cannot sue his [or her] employer in negligence . . . nor can the employee sue a co-employee," because all such actions are barred by the NJWCA. *Wellenheider v. Rader*, 227 A.2d 329, 333 (N.J. 1967) (internal citations omitted).

Here, Plaintiff alleges that on February 13, 2021, when she was walking out of the hospital after a day of work, she slipped and fell in the parking lot. (Compl. at 10.) After the fall, Plaintiff

alleges that she filed a workers' compensation claim. (*Id.*) Accordingly, to the extent Plaintiff's slip and fall and resulting injury occurred within the scope of her employment, her only compensable remedy is under the NJWCA, not common law negligence. *See* N.J. Stat. Ann. § 34:15-8; *Cf. Whitfield v. Bonanno Real Est. Grp.*, 17 A.3d 855 (N.J. Sup. Ct. App. Div. 2011) (relying on partnership law and holding that an employee's negligence suit for a slip in fall in a parking lot was not barred even though the employee received workers' compensation because the suit was against the entity partnership and a partnership is a distinct entity from the employer partner). Here, there are no facts that Defendant is a partner in an overall greater partnership. Therefore, Plaintiff can only seek compensation under the NJWCA, not common law negligence.

Even if the NJWCA does not bar Plaintiff's negligence claim, her claim nevertheless fails for an independent reason: it is barred by the statute of limitations for negligence actions in New Jersey. The statute of limitations to bring a negligence claim in New Jersey is two years. *Reeves v. Cnty. of Bergen*, Civ. No. 18-14061, 2023 WL 8520742, at *5 (D.N.J. Dec. 8, 2023); *Ramirez v. World Mission Soc'y, Church of God*, Civ. No. 14-01708, 2024 WL 1366445, at *10 (D.N.J. Apr. 1, 2024). Here, Plaintiff's injuries arose on February 13, 2021. Additionally, her workers' compensation claim was closed on April 5, 2021. The instant Complaint, however, was not filed until June 11, 2024. Regardless of whether Plaintiff was required to bring her claim within two years of when the injury arose or within two years of when her workers' compensation claim closed, her filing is untimely. Accordingly, the Court finds that Plaintiff's negligence claim is barred by the two-year statute of limitations. *See Cnty. of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 649 (D.N.J. 2007) ("Although a statute of limitations defense is usually unavailable in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), an exception arises 'where the complaint facially shows noncompliance with the limitations period and the affirmative defense

11

clearly appears on the face of the pleading.'" (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994))).

Plaintiff's negligence claim will therefore be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion (ECF No. 10). Plaintiff's Title VII, ADEA, and negligence claims will be dismissed with prejudice. Her claims brought under the ADA will be dismissed without prejudice. Plaintiff will be given leave to amend her Complaint within thirty days from the date of the accompanying Order limited to amending her ADA claims. An appropriate Order will follow.

Date: March 19, 2025

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**