NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBYN F. TAYLOR,

    Plaintiff,

v.

MONMOUTH MEDICAL CENTER,

    Defendant.

Civil Action No. 24-06946 (ZNQ) (JBD)

OPINION

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Monmouth Medical Center ("MMC" or "Defendant") on May 30, 2025. (ECF No. 22.) Defendant filed a brief in support of its motion. ("Moving Br.," ECF No. 22-1.) *Pro Se* Plaintiff Robyn Taylor ("Plaintiff") filed a brief in opposition ("Opp.," ECF No. 23), to which Defendant replied ("Reply," ECF No. 24).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion will be **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    On June 11, 2024, Plaintiff filed her initial complaint against Defendant, bringing claims for disability discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), discrimination under Title VII of the Civil Rights Act of 1964, age discrimination under

1

the Age Discrimination in Employment Act of 1967, and a negligence claim premised on a February 13, 2021 fall in the MMC parking lot. (ECF No. 1.) Defendant filed a motion to dismiss, which the Court granted on March 19, 2025. (ECF No. 18.) The Court dismissed Plaintiff's Title VII, ADEA, and negligence claims with prejudice, but dismissed her ADA claims without prejudice, giving Plaintiff the option of filing an amended pleading addressing the deficiencies identified by the Court in its written opinion. (*Id.*)

On April 15, 2025, Plaintiff filed her first amended complaint. ("FAC," ECF No. 19.) As alleged in the FAC, Plaintiff worked for MMC, a hospital, as a Unit Secretary in the Emergency Department from January 2015 to October 27, 2022. (*Id.* ¶ 1.) On February 13, 2021, after completing a shift, Plaintiff slipped on black ice in MMC's parking lot, causing Plaintiff to suffer "significant trauma to [her] right hip." (*Id.* ¶ 9.) Plaintiff was initially granted workers' compensation benefits by PMA Group, MMC's workers' compensation provider. (*Id.* ¶ 10.) PMA Group authorized physical therapy and a TENS unit with monthly supplies for pain management from March 2021 through November 2023.[1] (*Id.*)

On March 23, 2021, Plaintiff was examined by Dr. Bertrand Parcells. (*Id.* ¶ 11.) Dr. Parcells concluded that Plaintiff did not have a need for an MRI and attributed her pain to back issues rather than the fall. (*Id.*) Ultimately, Dr. Parcells prescribed Plaintiff methylprednisolone and directed her to return to work, closing Plaintiff's workers' compensation claim on April 5, 2021. (*Id.* ¶¶ 11–12.) According to Plaintiff, Dr. Parcells based this decision on surveillance footage that showed Plaintiff running errands. (*Id.* ¶ 12.)

---

[1] A TENS unit is used for pain relief by delivering low-voltage electrical currents through the skin to block pain signals and stimulate the release of endorphins.

Plaintiff thereafter sought continued treatment from her provider, who ordered an MRI. (*Id.* ¶ 13.) The MRI confirmed the presence of bursitis in Plaintiff's right hip, which linked her injury to the fall. (*Id.*)

After Plaintiff was directed to return to work, MMC's human resources department contacted Plaintiff about her return-to-work status. (*Id.* ¶ 14.) On October 20, 2021, Plaintiff reached out to MMC to ask about work from home options, but MMC did not provide her with any accommodations or alternative roles. (*Id.*) On January 18, 2022, Dr. Parcells diagnosed Plaintiff with "persistent and right hip bursitis," and noted that Plaintiff's injury could be attributed to her fall. (*Id.* ¶ 15.) Throughout the remainder of 2021 and 2022, Plaintiff allegedly continued to request accommodations for her disability. (*Id.* at 12.) Plaintiff was terminated by MMC on October 27, 2022. (*Id.* ¶ 16.)

On August 17, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation. (*Id.* ¶ 19.) Plaintiff received a right to sue letter from the EEOC on March 16, 2024. (*Id.*) The Social Security Administration ("SSA") also determined that Plaintiff had a disability since April 5, 2021, recognizing that Plaintiff has degenerative disc disease and bursitis of the right hip. (*Id.* ¶ 21.)

Plaintiff now alleges that MMC failed to provide her with reasonable accommodations under the ADA. (*Id.* at 10.) According to Plaintiff, MMC informed her that there were no positions available where Plaintiff could work from home or perform a light-duty role. (*Id.*) Moreover, Plaintiff claims that MMC failed to engage in a good-faith interactive process to provide Plaintiff with an accommodation. (*Id.*)

Plaintiff also claims that her termination was in retaliation for reporting her injury and repeatedly requesting support and accommodations. (*Id.* at 12.) She claims that MMC's refusal

to acknowledge the determinations of her treating physicians or offer appropriate accommodations demonstrates that MMC was acting in bad faith.[2] (*Id.*)

## II.  SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that

---

[2] In her FAC, Plaintiff asserts only two ADA claims: failure to accommodate ("Point I") and retaliation ("Point II"). She presents no corresponding "Point" for a discrimination claim. In an "introduction" portion of her FAC, Plaintiff alleges that she "experienced discrimination" (FAC at 3) and that she is "seeking relief for . . . disability discrimination." Nevertheless, the parties treat the FAC as having also alleged a claim for discrimination under the ADA when no such claim was made. The Court will briefly address this absence of any alleged discrimination claim later herein.

4

provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). That said, a *pro se* complaint is subject "to less stringent standards than formal pleadings drafted by lawyers." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## IV. DISCUSSION

Defendant argues that Plaintiff's claims must be dismissed because: (1) she has not pled that she is a "qualified individual" within the meaning of the ADA's discrimination provision; and (2) she has not pled a causal connection between her protected activity and termination as is required to state a claim for retaliation under the ADA. (Moving. Br. at 7–8.) In the alternative, Defendant argues that if Plaintiff's claims are allowed to proceed, any conduct that occurred prior to October 23, 2022, is time-barred. The Court will address each argument in turn.

### A. ADA Discrimination Claim

To state a discrimination claim under the ADA, a plaintiff must allege: 1) she is a disabled person within the meaning of the ADA; 2) she is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations by the employer and 3) she has suffered an otherwise adverse employment decision as a result of discrimination. *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citation omitted).

In her FAC, Plaintiff asserts two ADA claims: one for failure to accommodate ("Point I") and one for retaliation ("Point II"). She presents no corresponding "Point" for a discrimination claim. In an "introduction" portion of her FAC, Plaintiff alleges that she "experienced discrimination" and that she is "seeking relief for . . . disability discrimination." (FAC at 3.) Still, even under the most generous reading the Court can give to the FAC, it does not assert a claim for discrimination. Nevertheless, for reasons unclear, the parties' briefing treats the FAC as having

also alleged one.  For its part, Defendant argues for dismissal of a discrimination claim in both its moving and reply briefs.  (Moving Br. at 7–8; Reply at 1–3.)  Plaintiff likewise states in her opposition papers that "I assert claims for disability discrimination, failure to accommodate, and retaliation under the [ADA] . . . ."  (Opp. at 4.)  She later argues that her disability discrimination claim "should not be dismissed" and that the facts she alleges in the FAC "show that the Plaintiff qualifies under the ADA and that Defendant's actions (or lack thereof) are discriminatory and retaliatory."  (Opp. at 7.)

Given that the FAC fails to assert a claim for discrimination under the ADA, the Court will **DENY AS MOOT** the motion to dismiss as to that claim.

### B. Retaliation Claim

To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) the employee engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action.  *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

Here, Defendant challenges at the third element, arguing that Plaintiff "has not alleged a causal connection between protected activity and the termination of her employment" because over one year passed between Plaintiff's alleged protected activity and her termination.  (*Id.* at 9–10.)

While it is true that the causal connection in a retaliation case often hinges on temporal proximity between the employee's protected activity and the adverse employment action, that is not the only means by which a plaintiff can raise the inference that her protected activity was the likely reason for the adverse action.  *See Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1997).  The Third Circuit has held that even where there is a lack of temporal proximity, "circumstantial evidence of a pattern of antagonism following the protected conduct

6

can also give rise to the inference." *Id.* Moreover, it has instructed courts to look to the allegations as a whole to determine whether the complaint pleads facts sufficient to demonstrate causation. *See Farrell*, 206 F.3d at 279 (collecting caselaw in which various facts led to an inference of causation).

Here, Defendant argues that, at the latest, Plaintiff's protected activity occurred 372 days before her October 27, 2022 termination when she requested remote work on October 20, 2021. (Moving Br. at 10.) As such, according to Defendant, there is no causal connection between Plaintiff's termination and the protected activity she engaged in because of the lack of temporal proximity. (*Id.*)

But Defendant appears to misread the FAC. As alleged, throughout 2021 and 2022 Plaintiff reported her injury and requested support for her disability, including accommodations. (FAC at 12.) Although Plaintiff does not provide the exact dates she requested accommodations from MMC, she does allege that she was engaged in protected activities throughout 2022 and describes her efforts to receive accommodations as "persistent" during this time. (*Id.*) As alleged, Defendant "responded with silence" to Plaintiff's inquiries. (*Id.*) Moreover, Plaintiff alleges that MMC refused to even acknowledge her disability. (*Id.*) Defendant's alleged conduct towards Plaintiff, in addition to Plaintiff's "persistent" efforts to obtain a workplace accommodation, is sufficient to establish an inference of a causal link for her retaliatory discharge at this stage of the proceeding. Accordingly, Plaintiff's claim for retaliation will be permitted to proceed.

### C.   TIME-BARRED CLAIMS

Generally, a plaintiff bringing a claim under the ADA must file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful practice, or within 300 days if filed with a state or local agency. *See* 42 U.S.C. § 2000e-5; *Serrano v. Marcal Paper Mills, LLC*, Civ. No.

11-3501, 2012 WL 266424, at *2 (D.N.J. Jan. 30, 2012). However, in a deferral state, such as New Jersey, the charge must be filed within 300 days of the allegedly illegal act. *See Toscano v. AT&T Corp. Headquarters*, 282 Fed. Appx. 118, 119 (3d Cir. 2008); *see also Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 (3d Cir. 2007). Similarly, after a plaintiff receives a right-to-sue letter from the EEOC or state agency, he or she must file a claim in court within ninety days. *See Serrano*, 2012 WL 266424, at *2 (citing 42 U.S.C. § 2000e-5(f)(1)).

Defendant argues that Plaintiff filed her charge with the EEOC on August 17, 2023 (FAC ¶ 19), and therefore, any claims based on alleged violations that occurred prior to October 21, 2022 (300 days before she filed her charge) are time-barred.[3]

Plaintiff counters that her claims based on violations prior to the 300-day limitations period are not time-barred because they were part of an ongoing pattern of discrimination. (Opp. at 9.) Generally, "[u]nder the continuing violation doctrine, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Zankel v. Temple University*, 245 F. App'x. 196, 198 (3d Cir. 2007). However, the continuing violation doctrine is not applicable to a reasonable accommodation request, because the Third Circuit has held each denial of a request "is a one-time occurrence rather than a continuing practice." *Mercer v. SEPTA*, 608 F. App'x. 60, 63 (3d Cir. 2015).

As currently alleged, each of Plaintiff's causes of action are based on discrete acts rather than a continuing practice of discrimination. Thus, Plaintiff's claims for failure to accommodate

---

[3] Defendant argues that Plaintiff faxed her EEOC charge on August 18, 2023 (Moving Br. at 11), but according to the FAC Plaintiff filed her charge on August 17, 2023 (FAC ¶ 19). Thus, the 300-day limitation bars claims brought before October 21, 2022.

and discrimination are time-barred to the extent they are premised on discriminatory acts that occurred prior to October 21, 2022 and will be dismissed without prejudice. Plaintiff will be granted leave to file a Second Amended Complaint within 30 days if she wishes to attempt to plead claims for failure to accommodate and discrimination.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion to Dismiss. Plaintiff's claim for retaliation under the ADA will be permitted to proceed. Plaintiff will be granted leave to file a Second Amended Complaint within 30 days if she also wishes to re-plead claims for ADA discrimination and/or failure to accommodate based on Defendant's conduct after October 21, 2022. Otherwise, Plaintiff may choose to continue with her retaliation claim. An appropriate Order will follow.

Date: December 29, 2025

                                               s/ Zahid N. Quraishi
                                               **ZAHID N. QURAISHI**
                                               **UNITED STATES DISTRICT JUDGE**